UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANNGELA BOYLE,

    Defendants.
_____/

Case No. 15-cr-20741

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

# OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE [#96]

## I. INTRODUCTION

Defendant Anngela Boyle was sentenced to thirty years in federal prison after pleading guilty to two counts of Aiding and Abetting the Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2. She now moves to vacate her sentence pursuant to 28 U.S.C. § 2255.

Present before the Court is Defendant's Motion to Vacate Sentence. Dkt. 96. An evidentiary hearing was held on March 29, 2019. For the reasons set forth below, the Court will DENY Defendant's Motion [#96].

## II. PROCEDURAL BACKGROUND

Defendant filed the instant Motion challenging her sentence on October 15, 2018. Dkt. No. 96. On November 7, 2018, the Court entered an Order advising

Defendant that if she chose to proceed with the Motion, this would require waiving her attorney-client privilege, so the Government could investigate her claims. Dkt. No. 101. The Court gave Defendant thirty days to withdraw her Motion, or else, the Court would construe that as a waiver of the attorney-client privilege. *See id.* Defendant did not withdraw her Motion. Hence, on December 12, 2018, the Court entered an Order finding Defendant had waived her attorney-client privilege to the extent necessary to litigate her claims. Dkt. No. 103.

### III. LEGAL STANDARD

28 U.S.C. § 2255 provides prisoners with a mechanism to raise collateral attacks on their sentence. *See* 28 U.S.C. § 2255(a). Unless the prisoner's motion conclusively shows that they are entitled to no relief, the court shall notify and serve the United States attorney, grant a prompt hearing, and determine the issues -- making findings of fact and conclusions of law. *See* 28 U.S.C. § 225(b). If the court finds that a judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner such as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. *See id.*

## IV. DISCUSSION

Defendant moves to set aside her sentence on grounds of ineffective assistance of counsel. Specifically, she raises four claims: (1) Defense counsel failed to file a notice of appeal when one was requested; (2) Defense counsel failed to challenge the disparity in her sentence; (3) Defense counsel failed to challenge the calculation of her restitution; and (4) Defense counsel failed to challenge her sentence enhancement. Dkt. No. 96.[1]

To establish a claim for ineffective assistance of counsel, a defendant must show that (1) her attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that this deficiency prejudiced the outcome. *See Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985); *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004). The Sixth Circuit has instructed reviewing courts to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Under this backdrop, the Court will analyze each of Defendant's claims, in turn, below.

---

[1] Defendant also noted a violation of her Fifth Amendment due process rights. She alleges her due process rights were violated when counsel failed to file a timely appeal. This allegation, however, is already encompassed within her first claim.

### 1. There is no Evidence Suggesting Defendant Sought to File an Appeal of Her Sentence.

At the evidentiary hearing, Defendant's trial counsel, Natasha Webster, testified that immediately following Defendant's sentencing on September 27, 2017, she met with Defendant in lockup and discussed her limited appeal options.[2] According to Ms. Webster, Defendant expressed that she did not want to file an appeal and that she was "happy" with her sentence.

Roughly three weeks later, Ms. Webster received a message from Defendant indicating she had changed her mind and now wanted to file an appeal. *See* Dkt. No. 106-5, p. 2 (Pg. ID 2471). In a signed declaration, Ms. Webster stated that she then spoke with Defendant over the phone and explained that because the 14-day deadline to appeal had passed they would need to show excusable neglect or good cause to get an extension of time. Dkt. No. 106-2, p. 2 (Pg. ID 2467). Ms. Webster asserts that Defendant opted not to pursue the appeal following this conversation. *Id.*

Defendant conceded that Ms. Webster met with her immediately after her sentencing on September 27, 2017. But when questioned about their discussion, Defendant testified that she could not recall whether they talked about her appeal

---

[2] Defendant accepted a Rule 11 Plea Agreement that waived any right she had to appeal her conviction. *See* Dkt. No. 69, p. 11 (Pg. ID 2165).

options.  She did, however, maintain that there was no mention of a 14-day deadline until their phone call several weeks later.

As an initial matter, the Court credits the testimony of Ms. Webster.  Her claim that she met with Defendant immediately after sentencing and discussed Defendant's limited appeal options is consistent with her handwritten notes recapping their discussions from that day.  *See* Dkt. No. 106-4 ("Met with client after sentencing.  She did not want to appeal.  'Happy' with sentence.").  Because Defendant instructed counsel not to file an appeal, this alone would require a denial of her ineffective assistance claim.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.").  But even if Ms. Webster did not discuss Defendant's options to appeal that day, or apprise her of the 14-day deadline, Defendant's ineffective assistance of counsel claim would still fail.

In *Flores-Ortega*, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480.  "In making this determination, courts must take into

account all the information counsel knew or should have known." *Id.* "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* But "[e]ven in cases whe[re] the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Here, there is no evidence in the record indicating Defendant instructed counsel to file a timely appeal. Similarly, there is no support for the position that a rational defendant would have wanted to file an appeal. In reaching this conclusion, it is important to keep in mind that Defendant pled guilty pursuant to a Rule 11 plea agreement, which contained the following appellate waiver:

> The defendant waives any right [s]he may have to appeal her conviction. If the defendant's sentence does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right [s]he may have to appeal her sentence. If the sentence imposed is within the guideline range as determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

Dkt. No. 69, p. 11 (Pg. ID 2165). Because Defendant was sentenced within the terms of the agreement, she waived her right to appeal her sentence.[3]

Furthermore, Ms. Webster testified that Defendant specifically instructed her to request a sentence of 30 years. The apparent reason for this request was that Defendant received a sentence of 25 to 60 years in her state case and wanted to ensure she would serve all of her time in a federal facility, as opposed to a state facility. Out of caution, Ms. Webster had Defendant document this request in a signed writing. *See* Dkt. No. 106-3. Considering Defendant received the exact sentence that she sought, there was no reason to believe that Defendant, or any other rational defendant in her position, would have wanted to file an appeal.

In short, absent any evidence that Defendant had a non-frivolous claim that she wanted to raise on appeal, or that she indicated to Ms. Webster that she wanted to file an appeal, the Court cannot find that counsel violated the instructions set forth in *Flores-Ortega*. *See* 528 U.S. at 480. Accordingly, Defendant fails to make out a claim of ineffective assistance of counsel.

---

[3] The Government acknowledges that Defendant could have still filed an appeal on limited grounds, such as challenging whether her plea was knowingly or voluntarily made.

### 2. Defendant Specifically Requested Counsel to Negotiate a Sentence of 30 years.

Next, Defendant argues that counsel should have challenged the disparity in her sentence, presumably as compared to other defendants nationwide. However, as discussed above, Ms. Webster negotiated for a sentence of 30 years at Defendant's specific request. *See id.* In light of Defendant's express directive, the Court cannot find that counsel's failure to challenge any potential sentence disparity fell below an objective standard of reasonable representation.[4] Accordingly, Defendant fails to make out a claim of ineffective assistance of counsel.

### 3. Defendant Stipulated to the Restitution Amount that was Imposed.

Defendant also argues that counsel should have required the Government to submit a basis for the restitution amount that was imposed.[5] The Court will disagree.

Here, Defendant expressly stipulated to an order regarding restitution in lieu of litigating the issue. *See* Dkt. No. 81. This was a concession by both parties of

---

[4] Moreover, Defendant faced up to life imprisonment per the Federal Sentencing Guidelines.

[5] At the evidentiary hearing, Ms. Webster acknowledged that the Government provided her with a letter from the therapist of one of the four victims in this case, which purportedly supported at least part of the restitution amount imposed. This letter, however, was not provided to the Court.

the appropriate amount to impose. If Defendant had chosen to litigate the issue, the Government indicated that it was prepared to seek an amount of $600,000, as opposed to the $150,000 agreed upon. *See* Dkt. No. 106-6. Appropriately, Ms. Webster discussed the Government's offer with Defendant, and Defendant chose to concede any challenges to the amount by signing a stipulated order. On these facts, the Court cannot find that counsel's representation fell below an objective standard of reasonableness. Accordingly, Defendant fails to make out a claim of ineffective assistance of counsel.

### 4. The Sentencing Commission's Notes and Commentary are Binding Authority.

Finally, Defendant argues that counsel should have objected to the Government's Sentencing Guidelines calculation. Specifically, Defendant asserts that counsel should have challenged her five-point enhancement under U.S.S.G. § 4B1.5, which applies to any dangerous sex offender who committed a "covered sex crime" against a minor. Defendant claims that the Sentencing Commission's Notes and Commentary defining "covered sex crime" are not the law, and thus, counsel should have challenged the application of § 4B1.5. The Court will disagree.

Contrary to Defendant's understanding, the Sentencing Commission's Notes and Commentary are indeed binding authority. *See United States v. Landers*, 39

F.3d 643, 646 n.7 (6th Cir. 1994) ("The Sentencing Commission's Notes and Commentary to the guidelines is authoritative and binding upon the courts unless such are inconsistent with the Constitution, a federal statute, or the guidelines themselves.") (citing *Stinson v. United States*, 508 U.S. 36 (1993)). Because it would have been futile for counsel to raise this challenge, the Court cannot find that counsel's representation fell below a reasonable objective standard. Accordingly, Defendant fails to make out a claim of ineffective assistance of counsel.

As a final note, the Court must recognize that Ms. Webster and her office spent approximately 500 hours on Ms. Boyle's defense, which is a significant amount of time to spend on a single case. This lends even more support to the conclusion that counsel's representation did not fall below a reasonable objective standard.

## V. CONCLUSION

For the reasons stated herein, the Court will DENY Defendant's Motion to Vacate Sentence [#96].

IT IS SO ORDERED.

Dated:   April 2, 2019

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 2, 2019, by electronic and/or ordinary mail.

                                                s/Teresa McGovern
                                                Case Manager